IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| USPLABS JACK3D, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | C.A. NO. _____ |
| | § | |
| MMRNV, LLC d/b/a MAX MUSCLE | § | |
| SPORTS NUTRITION, RENO, NEVADA | § | |
| and PHILIP J. TRACY, | § | |
|     Defendants. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, USPlabs Jack3d, LLC, ("USPlabs") files this its original complaint against Defendants, MMRNV, LLC d/b/a Max Muscle Sports Nutrition, Reno, Nevada ("Max Muscle Reno"), and Philip J. Tracy ("Tracy") (collectively "Defendants"), and for cause of action would show the Court as follows:

### I. PARTIES

1.    USPlabs Jack3d, LLC, is a limited liability company organized under the laws of the State of Wyoming. Its principal place of business is 10761 King William Drive, Dallas, Dallas County, Texas 75220.

2.    MMRNV, LLC d/b/a Max Muscle Sports Nutrition, Reno, Nevada, is a limited liability company organized under the laws of the State of Nevada, and is a non-resident of Texas. Its principal place of business is 1296 East Plumb Lane, Reno, Nevada 89502. MMRNV, LLC, may be served with process by serving the Citations Unit, Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, which the Secretary of State may serve through serving its registered agent for service, Laughlin Associates, Inc., 9120 Double Diamond

Parkway, Reno, Nevada 89521, as defendant has not designated or maintained a resident agent for service of process in Texas.

3. Philip J. Tracy is an individual who resides at 1296 East Plumb Lane, Reno, Nevada 89502, and is a nonresident of Texas. Philip J. Tracy may be served with process through the Texas Secretary of State, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079 at his resident address.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff USPlabs and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Texas, Dallas Division, and pursuant to 28 U.S.C. § 1391(a)(3) because Defendants are subject to personal jurisdiction in this district.

## III. FACTS

6. Plaintiff USPlabs owns and licenses a dietary supplement named Jack3d (pronounced "Jacked"). One of the ingredients comprising Jack3d is 1,3-Dimethylamylamine, or DMAA.

7. Jack3d is widely marketed, distributed, and sold through dietary supplement stores and through internet web sales, including through www.usplabsdirect.com. Plaintiff USPlabs has a significant economic interest in the product Jack3d.

8. Defendant Tracy is the owner of Defendant Max Muscle Reno, which is a dietary supplement retail outlet that no longer sells Jack3d, but sells competing dietary supplement products.

9. On or about May 8, 2012, Defendant Tracy gave an interview to a Reno, Nevada, local television station, KRNV, through its news broadcast, News4. This news outlet also publishes its news reporting online via the worldwide web at www.Mynews4.com.

10. During the interview, Defendant Tracy, individually and as owner of Defendant Max Muscle Reno, made the following false and disparaging statements about the dietary supplement, Jack3d:

   a. Jack3d is an amphetamine-like compound.

   b. "It [Jack3d] speeds up your heart rate."

   c. Some of the short term effects of DMAA include insomnia and heart palpitations where your heart actually stops beating.

   d. If you take a product like Jack3d, you are causing damage to your body, and possibly death.

   e. "It's [Jack3d] a derivative of rat poisoning and has a lot of side effects."

The statements quoted above are direct quotations from the article, and the other statements were not direct quotations but are directly attributed to Defendants in the article.

11. The above statements by Defendant Tracy, individually and on behalf of Defendant Max Muscle Reno, were broadcast by KRNV, through its news broadcast, News4, and published on its online news reporting via the worldwide web at www.Mynews4.com, where the article continues to be published online. In addition, the article has been republished on the web, including but not limited to websites such as www.vitaminpoints.com, and

www.aolnews.com.  Furthermore, Defendants Max Muscle Reno and Tracy have republished the broadcast, as well as caused additional inflammatory and derogatory statements to be published, on Defendant Max Muscle Reno's website and Facebook page, which is open to the public at https://www.facebook.com/MaxMuscleFranchise.  These and other republications have disseminated the statements at issue in the State of Texas and nationally.

12. The statements were made in the context of direct references to the "manufacturer" of Jack3d, and Plaintiff USPlabs is the only manufacturer of this product.

13. Plaintiff USPlabs has suffered economic loss attributable to Defendant's disparaging statements.

## IV. BUSINESS DISPARAGEMENT

14. Incorporating all of the facts above, on or about May 8, 2012, Defendants knowingly made the false and disparaging statements listed above about Jack3d, a dietary supplement owned by and licensed through Plaintiff USPlabs.

15. Defendants published the false and disparaging statements listed above with malice, and caused these false statements to be republished by themselves, as well as by third parties with malice.  Defendants acted with malice in that Defendant knew the statements in question were false when the statements were made, and/or acted with reckless disregard for whether the statements were true or not.  Furthermore, Defendants acted with malice and with the intent to cause harm to Plaintiff's pecuniary interests and to advance Defendants' own pecuniary interests and individual interests.

16. Defendants had no justification or excuse for publishing or causing to be published the false and disparaging statements listed above.

17. Defendants' publishing and causing others to publish the false and disparaging statements listed above proximately caused economic loss and special damages to Plaintiff.

## V. DEFAMATION, DEFAMATION PER SE, DEFAMATION BY IMPLICATION, AND/OR DEFAMATION BY INNUENDO

18. Incorporating all of the facts above, on or about May 8, 2012, Defendants knowingly made the false and disparaging statements listed above about Jack3d, a dietary supplement owned by and licensed through Plaintiff USPlabs.

19. Defendants published the false and disparaging statements listed above with malice, and caused these false statements to be republished by themselves, as well as by third parties, with malice. Defendants acted with malice in that Defendant knew the statements in question were false when the statements were made, and/or acted with reckless disregard for whether the statements were true or not. Furthermore, Defendants acted with malice and with the intent to cause harm to Plaintiff's pecuniary interests and to advance Defendants' own pecuniary interests and individual interests.

20. Defendants also negligently published the false and disparaging statements listed above, and negligently caused these false statements to be published by themselves, as well as by third parties, while knowing that the statements were not true and knowing that harm would befall Plaintiff by Defendants making such statements and having such false statements negligently distributed to the public.

21. Defendants' statements are defamation per se in that they impugn Plaintiff's honesty, integrity, and business reputation, and expose Plaintiff to public hatred and financial injury. Further, one of the statements falsely charge Plaintiff with selling the equivalent of rat poison for human consumption, which would be a crime.

22.     In the alternative, Defendants' statements are defamation by implication because the statements convey a false and defamatory impression in the context of the article as a whole and by omitting material facts.  In the further alternative, Defendants' statements are defamation by innuendo in that a reasonable person would consider the statements defamatory in light of extrinsic facts and circumstances.

23.     Defendants had no justification or excuse for publishing or causing to be published the false and disparaging statements listed above.

24.     Defendants' publishing and causing others to publish the false and disparaging statements listed above proximately caused economic loss to Plaintiff and injury to Plaintiff's business reputation.

## VI. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

25.     Incorporating all of the facts above, Defendants are business competitors of Plaintiff USPlabs.  As stated in the published articles at issue, Defendant Max Muscle Reno no longer sells the dietary supplement Jack3d.  Defendant Max Muscle Reno does, however, sell other dietary supplements that directly compete with Jack3d.

26.     USPlabs has business relationships with current purchasers of the dietary supplement Jack3d.  Jack3d continues to be marketed and sold through retail stores and online retailers, which are competitors of Defendants.  As a franchise of a national chain of Max Muscle retail stores, Defendants are well aware of these business relationships.

27.     Defendants made the false and disparaging statements listed above about Jack3d with the intent to harm Plaintiff USPlabs by interfering with Plaintiff's business relationships with current purchasers of Jack3d.

28. Defendants had no justification or excuse for publishing or causing to be published the false and disparaging statements listed above. Defendants' publishing and causing others to publish the false and disparaging statements listed above proximately caused economic loss to Plaintiff.

## VII. TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

29. Incorporating all of the facts above, Defendants are business competitors of Plaintiff USPlabs. As stated in the published articles at issue, Defendant Max Muscle Reno no longer sells the dietary supplement Jack3d. Defendant Max Muscle Reno does, however, sell other dietary supplements that directly compete with Jack3d.

30. USPlabs has prospective business relationships with potential purchasers of the dietary supplement Jack3d. Jack3d continues to be marketed and sold through retail stores and online retailers, which are competitors of Defendants. As a franchise of a national chain of Max Muscle retail stores, Defendants are well aware of these prospective business relationships.

31. Defendants made the false and disparaging statements listed above about Jack3d with the intent to harm Plaintiff USPlabs by interfering with Plaintiff's prospective business relationships with potential purchasers of Jack3d.

32. Defendants had no justification or excuse for publishing or causing to be published the false and disparaging statements listed above.

33. Defendants' publishing and causing others to publish the false and disparaging statements listed above proximately caused economic loss to Plaintiff.

## VIII. JURY DEMAND

34. Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff USPlabs Jack3d, LLC, prays that Defendants, MMRNV, LLC d/b/a Max Muscle Sports Nutrition, Reno, Nevada, and Philip J. Tracy, be cited to appear and answer, and that upon trial, USPlabs be granted the following relief:

   a. The principal amount of $3,000,000.00;

   b. Prejudgment and post-judgment interest at the highest rate allowed by law;

   c. Reasonable and necessary attorneys' fees for prosecution and trial of this matter, and for any appeals; and

   d. All other relief to which USPlabs is entitled, at law or in equity, both general and special.

Respectfully submitted,

**The Brewer Law Group, L.L.C.**


__/s/ Ruth Brewer__
Ruth Brewer
Texas Bar No. 24047346
8117 Preston Rd., Suite 300
Dallas, TX 75225
rbrewer@thebrewerlawgroup.com
Phone: (972) 904-1756
Fax: (972) 692-7737

**Counsel for Plaintiff,
USPlabs Jack3d, LLC**